## PROCEEDINGS IN THE CONTEST OF A WILL.

STACEY ET AL, BY NEXT FRIEND, ETC., V. CUNNINGHAM, ETC.,
EXECUTOR.

69 Ohio State—Decided, November 17, 1903.

*Contest of Validity of Will—Can Be Only After Probating—Nature of
Issue to be Made Up—Sections 5858 and 5861, Revised Statutes—
Question of Admission to Probate Not Involved, When.*

1. The action authorized by Section 5858, Revised Statutes, to con-
test the validity of a will, can be brought and maintained, only
after such will has been admitted to probate.

2. In such action the issue to be made up and tried is the one pre-
scribed by Section 5861, Revised Statutes, and is, "Whether the
writing produced is the last will or codicil of the testator, or not,"
and on the trial of this issue the question of whether the will
was properly or improperly admitted to probate, by the probate
court, is not involved and can not be inquired into.

3. By the bringing of an action to contest the validity of a will,
under the statute, plaintiffs admit the probate of the will so put
in contest, and will not, therefore, on the trial of said cause,
be permitted to question or deny either the regularity of the order
of probate, or the authority and jurisdiction of the court that
made it.

Error to the Circuit Court of Hamilton County.

Frances E. Stacey, whose domicile was in the city of Cin-
cinnati, Ohio, died testate in July, 1894, at Sacramento City,
California. She left surviving her, as sole beneficiaries and
legatees under her will, her two children, Edward F. Stacey
and Edan F. Stacey, the plaintiffs in error, and her brother,
Adolphus M. Cunningham, the defendant in error. By her
will she gave to her brother, Adolphus M. Cunningham, the
sum of $10,000, and the remainder of her property she be-
queathed to her two children, Edward and Edna Stacey, in
equal proportions. The estate left by said Frances E. Stacey,
as shown by the inventory thereof made February 8, 1895, was
$57,883.99. Soon after the death of Mrs. Stacey, Adolphus M.
Cunningham, with his niece and nephew, Edna Stacey and
Edward Stacey, returned to the city of Cincinnati. Upon his
return, he having in his possession the will of Frances E. Stacey,
called at the law office of Mr. Howard Douglass and delivered
the same to him, with the request that he have it admitted
to probate. Thereafter said will was filed in the Probate Court
of Hamilton County, Ohio, and application was made to said
court for its admission to probate. The subscribing witnesses

to said will being residents of the state of California, a commission with the will annexed to take the testimony of said witnesses was issued by said probate court to one J. C. Tubbs, of Sacramento City, California. This commission, with the testimony of the subscribing witnesses attached thereto, was returned to the Probate Court of Hamilton County, Ohio, in November, 1894, and on the first day of December, 1894, said will was formally offered for probate, and probate thereof was then and there refused by said court, and an entry showing such refusal was entered upon the journal of said probate court, of all of which said Adolphus M. Cunningham, at the time, had notice. Upon the refusal of the probate court to admit said will to probate, the Union Savings Bank & Trust Co. was appointed guardian of the property and estate of the two children, Edward and Edna Stacey, and Mr. Howard Douglass was appointed guardian of their persons. No appeal was taken by Adolphus . M. Cunningham from the judgment of said probate court refusing to admit said will to probate, and nothing further was done in the matter of said will until October 5, 1896, at which time said Adolphus M. Cunningham filed his motion in the Probate Court of Hamilton County, asking for leave to repropound said will of Frances E. Stacey for probate and record. Said motion was allowed by the court and thereafter, to-wit, on March 23, 1897, due notice of the repropounding and presentation of said will for probate having been given to all of the next of kin of said Frances E. Stacey, residents of Ohio, upon the hearing of said motion and application said will was by the court admitted to probate and record.

On the same day, to-wit, March 23, 1897, said Edward F. Stacey and Edna F. Stacey, by next friend, commenced an action in the Court of Common Pleas of Hamilton County, Ohio, to contest said will of Frances E. Stacey so admitted to probate. In said action, under an order of the court, an issue was duly made up in said court of common pleas as to whether the paper writing produced was the valid last will of Frances E. Stacey, which issue was thereafter submitted to and tried by a jury duly impanneled in said cause. Said jury found, and by their verdict so returned, that said paper writing was the valid last will and testament of Frances E. Stacey, deceased. A motion for a new trial was filed by plaintiffs in error, which motion was overruled and judgment entered on said verdict sustaining the will. On petition in error in the circuit court

this judgment of the court of common pleas was affirmed, and thereupon this proceeding in error was instituted in this court to reverse said judgment of affirmance.

*Howard Douglass* and *Geo. W. Harding,* for plaintiffs in error.
*Charles W. Baker,* for defendant in error.

CREW, J.; BURKET, C. J.; SPEAR, DAVIS, SHAUCK and PRICE, JJ., concur.

On the trial of this action in the court of common pleas the plaintiffs in that court, who are plaintiffs in error here, among other things attempted to show that the paper writing in contest purporting to be the last will and testament of Francis E. Stacey, deceased, was in December, 1894, presented to the Probate Court of Hamilton County, Ohio, for probate, and that probate thereof was refused by that court on the ground that said will had not been properly and legally executed in conformity with the laws of Ohio. By way of establishing the fact of such presentation and rejection, the plaintiffs offered in evidence a journal entry of the Probate Court of Hamilton County, bearing date of December 1, 1894, and showing that on that date said court had refused to admit said will to probate and record, on the ground, as appeared from said entry, that said will was not duly and legally attested. Objection was made by defendant to the introduction of this journal entry, which objection was sustained by the court, and said entry was not permitted to be given in evidence to the jury. Plaintiffs, on said trial, also offered evidence for the purpose of showing that no appeal was ever taken by Adolphus M. Cunningham from the order and judgment of said probate court refusing to admit said will to probate; this evidence was also objected to by defendant and excluded by the court. The rulings of the court of common pleas in the exclusion of this evidence are here assigned as error.

Whether the action of the court of common pleas in this behalf was erroneous is to be determined from a consideration of the nature and character of the issue involved in an action to contest a will; and if, from the nature of such issue, the evidence offered by the plaintiffs below was incapable of affording any legitimate presumption or inference as to the only fact or matter so in issue, it would be, and was irrelevant and incompetent, and therefore properly excluded. In Ohio, in an action to contest a will, the issue involved and to be sub-

mitted to the jury, is fixed and determined by statute. Section 5861, of Revised Statutes, provides as follows:

"An issue shall be made up, either in the pleadings or by an order on the journal, whether the writing produced is the last will or codicil of the testator, or not, which shall be tried by a jury, and the verdict therein shall be conclusive, unless a new· trial be granted, or the judgment be reversed or vacated."

While the issue prescribed by this section may be made up either by the pleadings, or by an order entered upon the journal of the court, yet whichever mode be adopted, the issue presented for determination must be the same and the one prescribed and designated by·statute, viz., "Whether the writing. produced is the last will or codicil of the testator, or not." *Dew et al* v. *Reid et al*, 52 Ohio St., 519. And·upon the trial of this issue, only such evidence as tends either to establish or disprove the validity, as a will, of the paper writing in con-. troversy, is relevant and competent. Considering, then, the nature of the issue and the character of the evidence offered by the plaintiffs, the only office or effect such evidence could have had if the same had been admitted by the trial court, would have been to show that the Probate Court of Hamilton County, having once refused to admit the will of Frances E. Stacey to probate, for the reason that it was not legally executed and attested, and no appeal having been taken therefrom, was thereafter, and because of such former adjudication, without jurisdiction or authority upon the repropound- ing of said will to admit the same to probate and record. In other words it was sought by plaintiffs, in this way and by this means, to challenge the validity of said order of probate. And such is admitted in argument to have·been their purposé in tendering this evidence, and such it is conceded would have been its only office and effect of it had been admitted. But the question of the regularity and validity of the order of probate, or the jurisdiction of the court to make such order, is not in issue, or involved in an action of this character, an action to contest the validity of a will, and is not therefore in such action the proper subject of inquiry or review. This court has said in the case of *Converse et al* v. *Starr, Admr., et al*, 23 Ohio St., 491, that:

"On the trial of the issue, in a suit to contest the validity of a will, errors or irregularities of the probate court in admit-

ting the will to probate can not be inquired into. The *prima facie* effect which the statute gives to the order of probate, can only be overcome by showing that the will is, in fact, invalid.''

In this case one of the points made in argument for plaintiffs in error was: ''That the errors and irregularities of the probate court in admitting a will to probate may be inquired into, on the trial of the issue in a suit contesting such will, for the purpose of invalidating the order of probate.'' In considering and disposing of this contention, White, C. J., in the opinion, at page 498, says:

''In regard to the second proposition, it is to be remarked that it is founded upon a misconception of the jurisdiction of the court in trying the contest of a will. In such case the court does not sit as a court of error to revise the action of the court of probate, but is in the exercise of the powers and jurisdiction of a court of probate charged with the duty of finally establishing or rejecting the will. On the trial of the issue of such case, the errors or irregularities of the probate court in admitting the will to probate are immaterial, and can not be inquired into. The *prima facie* effect which the statute gives to the order of probate can only be overcome by showing that the will is, in fact, invalid.''

The doctrine of this case would seem to control and to be decisive of the question we are now considering, and to sustain the action of the court below in excluding the evidence offered. But there is, we think, a further and cogent reason why the testimony offered by the plaintiffs in error was properly excluded, and as to why, in this case, they should not have been permitted to challenge or dispute the order of probate, and that is, that by the filing of their petition to contest this will they impliedly admit the regularity and sufficiency of its probate. If, as the plaintiffs in error sought to show, the Probate Court of Hamilton County, at the time it admitted this will to probate, was then without jurisdiction or authority so to do, then such order of probate was void and a mere nullity, and if a nullity it could afford plaintiffs no ground on which to predicate their action to contest said will, and their action must fail. In this state, until admitted to probate, a will can not, under our statute, be made the subject of contest. Therefore, however irregular or erroneous the order admitting the will of Frances E. Stacey to probate may have been, the plaintiffs in error in an action by them to contest said will, founded upon such order of probate, can not

be heard to deny its validity, or be permitted to question the jurisdiction of the court making such order. It follows, therefore, that the trial court was right in excluding the evidence offered by plaintiffs.

There are other assignments of error in this record, but we do not deem it important to enter upon a discussion of them. We have carefully examined and considered each and all of these assignments and find no error in the record.

*Judgment affirmed.*